UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARTEZ HARDIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:22-CV-736 HEA |
| | ) |
| CHRIS BREWER, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on state-court prisoner Kartez Hardin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner seeks leave to proceed *in forma pauperis*, or without prepayment of fees and costs, in this matter. ECF No. 2. Based on a review of his motion and financial information submitted in support, the motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a). Furthermore, because the petition appears to be time-barred, the Court will order Petitioner to show cause why the petition should not be summarily denied and dismissed.

**Background**

Based on an independent review on Case.net, Missouri's online case management system, Petitioner was found guilty on fourteen counts including forcible rape, kidnapping, aggravated stalking, and violations of an order of protection, following a jury trial in St. Louis, Missouri in February 2012. *State v. Hardin*, No. 1122-CR04439 (22nd Jud. Cir., 2011). On March 22, 2012, Petitioner was sentenced to 50 years on the rape charge and concurrent sentences equaling 25 years on the other counts, for a total of 75 years. Petitioner appealed and the Missouri Court of Appeals affirmed in part and reversed in part. *State v. Hardin*, No. ED98250 (Mo. Ct. App. May 21, 2013).

The appellate court found that the convictions for violations of a protective order and aggravated stalking violated Petitioner's right against double jeopardy because those charges require proof of the same conduct.  As such, the trial court's judgment and sentence on those charges was vacated.  The judgment was affirmed in all other respects.

However, on August 13, 2013, the Missouri Supreme Court granted Petitioner's motion to transfer the case.  The Supreme Court affirmed the judgment of the trial court on April 29, 2014, finding no double jeopardy violation because aggravated stalking does not include the offense of violating a protective order.  *State v. Hardin*, 429 S.W.3d 717 (Mo. banc 2014).

On July 23, 2014, Petitioner filed his *pro se* motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15.  *Hardin v. State*, No. 1422-CC09250 (22nd Jud. Cir., 2014).  Appointed counsel filed an amended motion on Petitioner's behalf in July 2015, and an evidentiary hearing was held in July and September 2017.  The motion was denied on September 18, 2017.  Petitioner appealed and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on January 8, 2019.  *Hardin v. State*, No. ED106138 (Mo. Ct. App. 2017).  The Court of Appeals issued its mandate denying the motion on January 31, 2019.

On June 14, 2019, Petitioner filed a *pro se* petition for habeas corpus relief in Missouri state court.  *Hardin v. Ramey*, No. 19AC-CC00259 (19th Jud. Cir. 2019).  Petitioner asserted that the St. Louis Circuit Court which convicted him of rape was without jurisdiction because the offense was committed at the Gateway Arch National Park, which is federal land.  Petitioner argued that crimes on this federal land were under the exclusive jurisdiction of the federal courts.  The state court ordered briefing on the petition and scheduled a court hearing.  Petitioner moved for appointment of counsel but was denied.  On October 28, 2019, the state court denied the petition, finding Petitioner's claim meritless because the evidence adduced at trial indicated that

the rape did not occur on federal property and regardless, the state court retains concurrent jurisdiction over crimes on federal land.

### The § 2254 Petition

Petitioner is currently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri.[1] He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 conviction for rape and other crimes. ECF No. 1. Petitioner argues that the state court lacked jurisdiction to prosecute him for a rape which "was supposed to have happen[e]d [] on federal land." *Id.* at 4. Petitioner also alleges that he was denied his right to counsel when the state court denied him appointment of counsel in his state habeas case. *Id.* at 6. On the section form of the petition regarding 'Timeliness of Petition,' Petitioner states:

> Because the actual argument for the defense was not discovered until after a large amount of research by the petitioner which took much more time then it should have due to the lack of resources available to the petitioner and the denial of an attorney by the appeals court.

*Id.* at 12. The petition states that it was placed in the prison mailing system on July 6, 2022. *Id.* at 13.

Petitioner attached to the petition a Memorandum asserting additional support for his two grounds for relief and a section titled 'Equitable Tolling.'[2] ECF No. 1-3 at 2. In this section, Petitioner states that because he was denied assistance of counsel in his state habeas matter, he had

---

[1] Although Petitioner is incarcerated in Cameron which is located in the Western District of Missouri, this Court has jurisdiction over this matter because Petitioner was convicted and sentenced in the city of Saint Louis which is within this judicial district. *See* 28 U.S.C. § 2241(d) (discussing concurrent jurisdiction where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts); 28 U.S.C. § 105(a)(1) (listing the city of Saint Louis as within the judicial district of the Eastern District of Missouri Court).

[2] The Court will treat this attachment as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

"to do all the research" on his own "including the rules of appeals which are very complex." *Id.* He feels he is entitled to equitable tolling because as a prisoner incarcerated with the Missouri Department of Corrections (MDOC), "the only access to law is the law library" which prisoners are only allowed to use for about two hours "once per week if no holidays or personal reasons interfere." Further, access to research materials on the computers is limited in the law library and he often only gets two hours of computer access a month. As a result, it took Petitioner months "to do the research needed to make [his] case and understand the rules of the procedure." In addition, Petitioner states that he was transferred to a different institution "in the middle of [his] research," causing further delays. Petitioner asserts that he "never quit" and that he has been "diligently" pursuing his rights. *Id.*

## Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

However, the AEDPA's statute of limitations tolls while state post-conviction proceedings and "other collateral review" proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). In this case,

Petitioner's limitation period was tolled while his state habeas petition was pending. *See Wall v. Kholi*, 562 U.S. 545, 552 (2011) (stating that "our cases make it clear that habeas corpus is a form of collateral review").

## Discussion

Even with multiple periods of tolling of the limitations period, it still appears that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed out of time. As such, the Court will order Petitioner to show cause as to why the petition should not be denied and dismissed as time-barred.

Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Court notes that according to the Eighth Circuit, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" is not sufficient to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *see also Muhammad*, 735 F.3d at 815 (finding no extraordinary circumstances justifying equitable tolling where movant argued that he was detained in a separate housing unit for five months where he did not have access to the law library or his personal, legal materials). Petitioner must establish that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing his petition.

In this case, Petitioner argues that he is entitled to equitable tolling because, due to the constraints on his access to legal materials while incarcerated and without the appointment of

counsel, it took him a long time to research and formulate his lack-of-jurisdiction argument presented in his state habeas petition. However, even if the Court were to accept this argument (which the Court is not now doing), this would only explain the time delay between the issuance of the mandate affirming denial of Petitioner's Rule 29.15 motion (January 31, 2019) and the filing of his *pro se* state habeas petition (June 14, 2019). This equitable tolling argument provides no justification for the delay in filing between the state court denial of habeas (October 28, 2019) and the filing of the instant matter (July 6, 2022). This period alone exceeds the one-year limitations period.

Therefore, the Court will direct Petitioner to show cause as to why his § 2254 petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred). Petitioner will be given thirty (30) days from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2254 petition should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with this Order, his § 2254 petition will be dismissed without further proceedings.

Dated this 13th day of July, 2022.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE