# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KARTEZ HARDIN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:22-CV-736 HEA |
| CHRIS BREWER, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

State-court prisoner Kartez Hardin petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 13, 2022, the Court issued an Order directing Hardin to show cause as to why the petition is not time-barred. ECF No. 4. The Court has reviewed Hardin's response to the Show Cause Order (ECF No. 5) and finds it unpersuasive. Hardin's § 2254 habeas petition will be denied and dismissed as time-barred.

## Background[1]

Based on an independent review on Case.net, Missouri's online case management system, Petitioner was found guilty on fourteen counts including forcible rape, kidnapping, aggravated stalking, and violations of an order of protection, following a jury trial in St. Louis, Missouri in February 2012. *State v. Hardin*, No. 1122-CR04439 (22nd Jud. Cir. 2011). On March 22, 2012, Petitioner was sentenced to 50 years on the rape charge and concurrent sentences equaling 25 years on the other counts, for a total of 75 years. Petitioner appealed and the Missouri Court of Appeals affirmed in part and reversed in part. *State v. Hardin*, No. ED98250 (Mo. Ct. App. May 21, 2013). However, on August 13, 2013, the Missouri Supreme Court granted Petitioner's motion to transfer

---

[1] The Court's Show Cause Order issued July 13, 2022, contains a more detailed background on Petitioner's state court history. *See* ECF No. 4 at 1-3. Only details essential to the discussion herein will be restated.

and affirmed the judgment of the trial court on April 29, 2014.  *State v. Hardin*, 429 S.W.3d 717 (Mo. banc 2014).

On September 18, 2017, Petitioner's amended motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15 was denied.  *Hardin v. State*, No. 1422-CC09250 (22nd Jud. Cir., 2014).  Petitioner appealed and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on January 8, 2019.  *Hardin v. State*, No. ED106138 (Mo. Ct. App. 2017).  The Court of Appeals issued its mandate denying the motion on January 31, 2019.

On June 14, 2019, Petitioner filed a *pro se* petition for habeas corpus relief in Missouri state court.  *Hardin v. Ramey*, No. 19AC-CC00259 (19th Jud. Cir. 2019).  After briefing on the petition and a court hearing, the state court denied the petition on October 28, 2019.

Now Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 conviction for rape and other crimes.  The instant petition which was placed in the prison mailing system on July 6, 2022.  ECF No. 1.  Petitioner argues that the state court lacked jurisdiction to prosecute him for a rape which "was supposed to have happen[e]d [] on federal land."  *Id.* at 4. Petitioner also alleges that he was denied his right to counsel when the state court denied him appointment of counsel in his state habeas case.  *Id.* at 6.

In regard to the 'Timeliness of Petition,' Petitioner states:

> Because the actual argument for the defense was not discovered until after a large amount of research by the petitioner which took much more time then it should have due to the lack of resources available to the petitioner and the denial of an attorney by the appeals court.

*Id.* at 12.  Petitioner also suggests that he is entitled to 'Equitable Tolling' because he was denied assistance of counsel in his state habeas matter and therefore, he had "to do all the research" on

- 2 -

his own "including the rules of appeals which are very complex." ECF No. 1-3 at 2.  As a prisoner incarcerated with the Missouri Department of Corrections (MDOC), "the only access to law is the law library" which prisoners are only allowed to use for about two hours "once per week if no holidays or personal reasons interfere."  Further, access to research materials on the computers is limited in the law library and he often only gets two hours of computer access a month.  As a result, it took Petitioner months "to do the research needed to make [his] case and understand the rules of the procedure."  In addition, Petitioner states that he was transferred to a different institution "in the middle of [his] research," causing further delays.  Petitioner asserts that he "never quit" and that he has been "diligently" pursuing his rights.  *Id.*

After review of the habeas petition, the Court issued an Order on July 13, 2022, directing Petitioner to show cause as to why it should not be dismissed as time-barred.  ECF No. 4.

## Show Cause Response

On August 15, 2022, the Court received Petitioner's response to the Court's Show Cause Order.  *See* ECF No. 5.  In the response, Petitioner states that he "has already explained the condition of developing his jurisdictional argument" and he will now "explain why he filed this claim in federal court."  *Id.* at 1.  Petitioner then argues that his case raises questions of federal law and that "[a]ctual innocence provides an exception to the statute of limitations of 2254."  *Id.* at 1-2.  Next, Petitioner recites the arguments made in his initial habeas petition in a section titled "Legal Reasons Why Writ Of Habeas Corpus Should Be Granted."  *Id.* at 3-4.

## Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments.  *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007).  This one-year

statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). However, the AEDPA's statute of limitations tolls while state post-conviction proceedings and "other collateral review" proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

In this case, Petitioner's limitation period was tolled while his state habeas petition was pending. *See Wall v. Kholi*, 562 U.S. 545, 552 (2011) (stating that "our cases make it clear that habeas corpus is a form of collateral review"). Nevertheless, even with multiple periods of tolling of the limitations period, the instant § 2254 petition was filed out of time. The state court denied Petitioner's state habeas petition on October 28, 2019, and Petitioner did not place the instant petition in the prison mailing system until July 6, 2022. This period alone is more than the one year allowed under the AEDPA.

To the extent that Petitioner is asserting that he is entitled to equitable tolling, the Court disagrees. Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805. The one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013).

Petitioner presents no extraordinary circumstance that has prevented the timely filing of his petition. Petitioner argues that he is entitled to equitable tolling because, due to the constraints on his access to legal materials while incarcerated and without the appointment of counsel, it took him a long time to research and formulate his lack-of-jurisdiction argument presented in his state habeas petition. According to the Eighth Circuit, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" is not sufficient to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *see also Muhammad*, 735 F.3d at 815 (finding no extraordinary circumstances justifying equitable tolling where movant argued that he was detained in a separate housing unit for five months where he did not have access to the law library or his personal, legal materials). Petitioner has not demonstrated that he is entitled to equitable tolling.

Finally, to the extent that Petitioner is asserting that the statute of limitations does not apply to him because he is actually innocent, the Court disagrees. A habeas petitioner may be entitled to avoid the limitation period if he can prove that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). However, a petitioner asserting actual innocence must have new evidence showing that no juror could have found him guilty if that evidence had been available at trial. *Id.* at 1935. In this case, Petitioner is not asserting that he is actually innocent of the state-court charges of rape, kidnapping, aggravated stalking, or violations of an order of protection. Instead, he is trying to assert that the state court never had jurisdiction over him initially to pursue such charges because he argues that the rape occurred on federal property. However, the Missouri court to consider this argument found it meritless because the evidence adduced at trial indicated that the rape did not occur on federal property. *See Hardin v. Ramey*, No. 19AC-CC00259 (19th Jud. Cir. 2019). As such, there is no new evidence indicating that the state court lacked jurisdiction and that Petitioner is actually innocent.

Therefore, the Court finds that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred and subject to summary dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED** as time-barred.  *See* 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 17th day of October, 2022.

                                        HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE